UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10906-GAO

PAUL F. SHEDLOCK,
Plaintiff,

v.

DAVID REGO,
Defendant.

OPINION AND ORDER
March 9, 2020

O'TOOLE, S.D.J.

The plaintiff, Paul F. Shedlock, is involuntarily confined under Massachusetts law as a sexually dangerous person. The defendant, David Rego is a sergeant assigned to the Nemansket Correctional Center ("NCC" or the "Treatment Center"), where Shedlock was confined at the time of the incident at issue in this action. Acting *pro se*, the plaintiff asserted a variety of claims against Rego and another officer. On September 17, 2018, this Court allowed in part and denied in part defendants' motion to dismiss the claims, leaving only Shedlock's claims of cruel and unusual punishment by use of excessive force and common law assault and battery. The defendant has now moved for summary judgment on those claims.

On January 13, 2015, the Treatment Center held a "management access hour" during which residents could speak with members of the facility's administration. Rego was assigned to conduct pat searches of the residents who attended this event. Shedlock, who is confined to a wheelchair, approached the area where the access hour was being held. Shedlock and Rego had a physical

interaction that is the subject of Shedlock's complaint. There is a security video recording of the entire interaction, which Rego submitted as an exhibit to his motion.

The parties dispute what happened when Shedlock approached the area where Rego was conducting pat searches.[1] Shedlock claims that Rego struck him in his lower back, thereby causing him injury. Rego responds that he did not strike Shedlock, but instead conducted a routine pat search. The video footage of the interaction shows that Rego did not "strike" Shedlock during his pat search or touch him in a harmful or offensive manner under the circumstances. In light of the video evidence, Shedlock's simple assertion that he was struck harmfully is insufficient by itself to create a genuine issue of material fact. Based on the video footage, no factfinder could reasonably infer that Rego's pat search of Shedlock constituted either unjustified or excessive force. See Ahern v. Shinseki, 629 F.3d 49, 54 (1st Cir. 2010) (plaintiff opposing summary judgment cannot rely on "conclusory allegations, improbable inferences, acrimonious invective, or rank speculation").

---

[1] Although Shedlock is proceeding *pro se*, he is nonetheless required to comply with this Court's procedural rules. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("pro se status does not insulate a party from complying with procedural and substantive law"); accord Kenda Corp. Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 225 n.7 (1st Cir. 2003). In accordance with Local Rule 56.1, he was required to file a statement setting forth the facts which he contends are in dispute. See L.R. D. Mass. 56.1 ("[a] party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation."). He did not do so. In his memorandum in opposition to this motion, Shedlock included a section entitled "Statement of Facts" that sets forth his version of the incident in question and disputes some of the facts in the defendant's Rule 56.1 statement. However, for most of these facts, he does not cite to supporting documentation in the record, and when he does, he makes only general references that do not include specific page numbers. Nonetheless, even assuming that Shedlock's disputes are properly presented, his opposition still fails.

Because there is no genuine issue of material fact remaining as to either of the plaintiff's claims, Rego is entitled to judgment as a matter of law. See Oahn Nguyen Chung v. StudentCity.com, Inc., 854 F.3d 97, 101 (1st Cir. 2017).

For all the foregoing reasons, the defendant's Motion for Summary Judgment (dkt. no. 53) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge